UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES DWIGHT McKEE, | |
| Petitioner, | Case No. C21-5614-RAJ-SKV |
| v. | |
| JEFFREY UTTECHT, | REPORT AND RECOMMENDATION |
| Respondent. | |

### I. INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Charles McKee seeks to challenge in this action his 2018 Pierce County Superior Court judgment and sentence. *See* Dkt. 5. Respondent filed an answer to the petition together with relevant portions of the state court record. Dkts. 8, 9. Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). *See* Dkt. 8. Petitioner has filed a response to Respondent's answer. Dkt. 10. This Court, having reviewed Petitioner's petition, all briefing of the parties, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

## II.     BACKGROUND

On May 31, 2018, Petitioner entered a guilty plea in Pierce County Superior Court to charges of conspiracy to commit second degree murder, drive by shooting, attempted assault, and unlawful possession of a firearm. Dkt. 9, Ex. 1 at 1-2. Petitioner was sentenced on June 15, 2018, to a total term of 240 months confinement, and the judgment and sentence was entered the same day. *Id*., Ex. 1 at 1, 7. Petitioner did not appeal his judgment and sentence. However, on April 23, 2019, Petitioner filed a motion to vacate his judgment and sentence under Washington Superior Court Criminal Rule (CrR) 7.8 in the Pierce County Superior Court.[1] *See id*., Ex. 3. Petitioner's motion was thereafter transferred to the Court of Appeals for consideration as a personal restraint petition. *Id*., Ex. 4. The Court of Appeals dismissed the petition on March 17, 2020. *Id*., Ex. 2. Petitioner moved for reconsideration of the Court of Appeals' decision dismissing his personal restraint petition, but that motion was denied on April 22, 2020. *Id*., Exs. 8, 9.

Petitioner next sought review by the Washington Supreme Court. *Id*., Ex. 10. The Supreme Court Commissioner issued a ruling denying review on August 7, 2020. *Id*., Ex. 11. Petitioner had thirty days within which to file a motion to modify that ruling. *See* Rule 17.7(a), Washington Rules of Appellate Procedure. Petitioner did not file a motion to modify within the allotted time and, on November 6, 2020, the Washington Court of Appeals issued a certificate of

---

[1] The record reflects that Petitioner signed his motion on April 5, 2019, but he apparently did not deliver the motion to prison authorities for mailing to the superior court until April 23, 2019. *See* Dkt. 9, Ex. 3 at 55, 79. The Pierce County Superior Court received the motion for filing on May 2, 2019. *See id*., Ex. 3 at 1. Under the "mailbox rule," a pleading is deemed filed when the prisoner delivers it to the prison authorities for mailing to the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

REPORT AND RECOMMENDATION
PAGE - 2

finality certifying that the March 17, 2020 decision of that court became final on September 9, 2020. *Id*., Ex. 12.

Though Petitioner failed to file a motion to modify within the requisite thirty days, he did file two motions for an extension of time to file his motion to modify, one on September 1, 2020 and one on October 13, 2020. *Id*., Exs. 13, 14. The Washington Supreme Court granted both motions and Petitioner was ultimately given until January 21, 2021 to file his motion to modify. *Id*., Exs. 15, 16. Petitioner filed his motion on January 21, 2021, and the Washington Supreme Court denied the motion without comment on March 3, 2021. *Id*., Exs. 17, 18, 20.

After Petitioner's motion to modify was denied, he sent a letter to the Washington Supreme Court indicating an intention to file a motion for reconsideration of the order denying his motion to modify. *Id*., Ex. 21. On March 16, 2021, the Supreme Court Clerk sent Petitioner a letter advising him that the order denying his motion to modify was not subject to reconsideration. *Id*., Ex. 22. Despite this advisement, Petitioner nonetheless attempted to file a motion for reconsideration on March 22, 2021. *Id*., Ex. 23. On March 23, 2021, the Supreme Court Clerk sent Petitioner a letter once again advising him that the order denying his motion to modify was not subject to reconsideration and informing him that his submission would be placed in the court file without action. *Id*., Ex. 24. The letter also informed Petitioner that any further correspondence or motions submitted by him in relation to the case would be placed in the closed file without action. *Id*.

Petitioner now seeks federal habeas review of his convictions. Petitioner signed his petition for writ of habeas corpus on August 24, 2021, and the Court received the petition for filing on the same date. *See* Dkts. 1, 5.

REPORT AND RECOMMENDATION
PAGE - 3

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act established a one-year limitation period for state prisoners to file applications for federal habeas relief.  *See* 28 U.S.C. § 2244(d)(1).  The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later.  28 U.S.C. § 2244(d)(1)(A).  In this case, because Petitioner did not file a direct appeal, his conviction became final for purposes of calculating the statute of limitations upon the expiration of the time for filing a notice of appeal.  *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).  The Pierce County Superior Court entered the judgment and sentence in Petitioner's case on June 15, 2018.  Dkt. 9, Ex. 1.  The time for filing a notice of appeal would have expired thirty days after entry of the judgment and sentence, or July 16, 2018.[2]  *See* 28 U.S.C. § 2244(d)(1)(A); Rules 5.1, 5.2, Washington Rules of Appellate Procedure.  Petitioner's one-year statute of limitations began to run the following day and expired one year later on July 17, 2019.  *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction.  28 U.S.C. § 2244(d)(2).  Petitioner filed a timely motion for post-conviction relief in the superior court on April 23, 2019, which stopped the clock on the federal statute of limitations.  At that time, 280 days had run on the statute of limitations.  As Respondent correctly notes, a personal restraint petition filed in the Washington courts typically remains pending until a certificate of appealability is issued.  *See Phongmanivan v. Haynes*, 195 Wn.2d 309, 317 (2020); *Phongmanivan v. Haynes*, 800 F. App'x 567, 568 (9th Cir. 2020).

---

[2] Because the end of the thirty-day period fell on a Sunday, July 15, 2018, the deadline to file a notice of appeal did not expire until the following day. *See* Rule 6(a), Washington Superior Court Civil Rules; Rule 8.1, Washington Superior Court Criminal Rules.

REPORT AND RECOMMENDATION
PAGE - 4

1    In this case, however, the Washington Court of Appeals issued a certificate of finality
2  before Petitioner's post-conviction proceedings had actually terminated in the Washington
3  Supreme Court.  It was not until March 3, 2021, when the Washington Supreme Court denied
4  Petitioner's motion to modify, and no further state court review was available, that Petitioner's
5  post-conviction proceedings terminated.  The statute of limitations began to run again the
6  following day, March 4, 2021, and expired 85 days later on May 27, 2021.  Petitioner signed his
7  petition for writ of habeas corpus on August 24, 2021, almost three months after the statute of
8  limitations expired.
9    Petitioner asserts in his petition that his federal habeas petition is timely because it was
10 filed within one year of September 9, 2020, the date the Court of Appeals issued its certificate of
11 finality in his post-conviction proceedings.  Dkt. 5 at 13.  For the reasons discussed above, the
12 date of issuance of the certificate of finality is not relevant to the calculation of the federal statute
13 of limitations in this case.  Petitioner, in his response to Respondent's answer, offers an
14 additional reason why his petition should be considered timely.  In particular, Petitioner appears
15 to suggest that because his motion to vacate his judgment and sentence was filed in the Pierce
16 County Superior Court within the one-year period designated in CrR 7.8(b), the federal statute of
17 limitations did not begin to run until after state court proceedings related to that motion had
18 concluded.  See Dkt. 10 at 7-9.  Petitioner is incorrect.
19   As explained above, the federal statute of limitations begins to run after *direct* review has
20 concluded or the time for seeking such review has expired.  Petitioner did not seek direct review
21 of his conviction or sentence.  Petitioner instead sought only post-conviction review in the form
22 of his CrR 7.8 motion.  Pursuant to § 2244(d)(2), the time during which a "properly filed"
23 application for state post-conviction review is "pending" in the state courts does not count

REPORT AND RECOMMENDATION
PAGE - 5

towards the one-year federal limitations period. Because Petitioner timely filed his post-conviction motion in the state courts, it is deemed "properly filed" for purposes of § 2244(d)(2). However, he is only entitled to tolling of the limitations period for the time during which his motion was actually "pending" in the state courts. Petitioner's motion was pending in the state courts from April 23, 2019, the date he submitted his motion to the Pierce County Superior Court for filing, to March 3, 2021, the date the Washington Supreme Court denied his motion to modify.

Petitioner is not entitled to tolling for the period between July 16, 2018, the date on which his opportunity to seek direct review expired, and April 22, 2019, the day before Petitioner submitted his post-conviction motion for filing, because nothing was "pending" in the state courts during that period. Petitioner's suggestion that he is entitled to tolling for this period is not supported by the plain language of § 2244(d) and must therefore be rejected.

The statute of limitations governing federal habeas petitions is subject to equitable tolling as well as statutory tolling. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation and citation omitted). Petitioner does not argue that he is entitled to equitable tolling, he indicates in his submissions only that he apparently misunderstood when the limitations period began to run. This type of misunderstanding does not constitute the type of "extraordinary circumstance" that would entitle Petitioner to equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789

(9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone").

Because Petitioner filed his petition outside the § 2254 statute of limitations period, and because Petitioner has not demonstrated that he is entitled to equitable tolling, Petitioner's petition is time-barred and must therefore be dismissed.

### IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [his] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### V.   CONCLUSION

For the reasons set forth above, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).  This Court further recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 4, 2022**.

DATED this 11th day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8